UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. BANK TRUST COMPANY,           )
NATIONAL ASSOCIATION,              )
                                   )
            Plaintiff              )
                                   )
      v.                           )        2:25-cv-00485-LEW
                                   )
HEIDI A. TAITT                     )
& G. PAUL TAITT,                   )
                                   )
            Defendants             )

**RECOMMENDED DECISION ON MOTION TO AMEND COMPLAINT[1]**

In September 2025, Plaintiff commenced this action seeking a judgment of foreclosure and other related relief against Defendants. (Complaint, ECF No. 1.) Defendants have moved to stay this proceeding pending resolution of a related civil action entitled *Taitt v. Select Portfolio Servicing, Inc.*, No. 2:25-cv-00008-LEW. (Motion to Stay, ECF No. 5.) They have also moved to dismiss the complaint for lack of subject matter jurisdiction and standing. (Opposition to Pl's Motion for Default and Motion to Dismiss, ECF No. 12.) Both motions are pending.

In February 2026, Plaintiff moved to amend its complaint, seeking to dismiss all five counts of its pending complaint without prejudice and to add a single count for

---

[1] Although a magistrate judge generally has authority to decide a non-dispositive motion to amend a complaint, *Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 9 n.2 (1st Cir. 2000), I issue a recommended decision here, where the Plaintiff seeks to eliminate all counts of the original complaint and where Defendants contend that the matter should be dismissed with prejudice. *See Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284, 288 n.4 (D. Mass. 2005) (issuing a recommended decision in similar circumstances).

declaratory judgment to determine the amount due on the note and mortgage that is the subject of this action.[2]  (Motion to Amend, ECF No. 23.)  Defendants oppose the motion to amend.  (Defendants' Opposition, ECF No. 24.)

After consideration of the parties' arguments, I recommend that the Court grant the motion.

### LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) generally governs amendments of the pleadings and establishes a liberal standard under which courts should "'freely give leave'" to amend "'when justice so requires.'"  *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (quoting Fed. R. Civ. P. 15(a)(2)).[3]  Leave to amend under Rule 15(a)(2) is properly denied when the proposed amendment would be futile.  *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).  The assessment of futility is governed by the familiar plausibility standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.*  Under that standard, the Court assumes the truth of all well-pleaded facts, gives the plaintiff the benefit of all reasonable inferences therefrom, and evaluates whether the allegations admit the "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[4]

---

[2] Plaintiff also proposes to dismiss Otis Credit Union, which was named as a party-in-interest in the Complaint.  Otis Federal Credit Union consents, and Defendants do not object.

[3] After a scheduling order issues, the liberal amendment standard of Rule 15(a) "is replaced by the more demanding 'good cause' standard" of Federal Rule of Civil Procedure 16(b).  *Hewes v. Pangburn*, 162 F.4th 177, 201 (1st Cir. 2025).  Here, Plaintiff filed the motion to amend prior to the issuance of a scheduling order. Therefore, the Rule 15(a) standard applies.

[4] Some courts have evaluated a motion to amend that seeks to dismiss all counts of a complaint under Federal Rule of Civil Procedure 41(a)(2), which governs the dismissal of an action.  *See, e.g., v. Galazar*

### DISCUSSION

Defendants argue that the proposed amendment to add a claim for declaratory relief would be futile because the amendment would not cure the standing defect that Defendants raised in their motion to dismiss the original complaint. Defendants' standing argument is more appropriately addressed in the context of the pending motion to dismiss. *See Light v. Town of Livermore*, No. 1:21-cv-00266-JAW, 2022 WL 3154762, at *3 (D. Me. Aug. 8, 2022) (reaching same conclusion in similar procedural context). If the standing issue were addressed in the context of Plaintiff's motion to amend, it would be evaluated "under the shadow of the 'freely given' standard of Rule 15(a) and the Defendant[s'] futility argument." *Id.* "Although the Court could reach the futility issue in [addressing] the motion to amend, it is cleaner to address the merits of the standing argument in [adjudicating] the pending motion to dismiss, where the Court can reach the merits of the motion without the procedural overhang of Rule 15(a)." *Id.*

Next, Defendants contend that the motion should be denied because it "depends on mutually exclusive assumptions concerning the validity and enforceability of the December 1, 2012 Loan Modification Agreement." (Defendants' Opposition at 4.) Defendants' argument is unpersuasive. The fact that Plaintiff originally sought to enforce

---

*Networks, Inc.*, 377 F. Supp. 2d 284, 288-89 (D. Mass. 2005). A judge in this District assessed a request to voluntarily dismiss some but not all claims under Rule 15, observing that Rule 41 only authorizes the dismissal of an entire action. *See Duncan v. O'Shea*, No. 2:17-cv-00497-JDL, 2019 WL 1320043, at *4 (D. Me. Mar. 22, 2019). Which rule applies, however, is largely immaterial as the standard under Rule 41(a) is essentially the same as the Rule 15(a) standard. *See Transwitch*, 377 F. Supp. 2d at 289 n.5 ("Whether to review the motion under Rule 41(a)(2) or Rule 15(a) is academic inasmuch as 'a district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as withdrawal under Rule 41(a).'") (quoting *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985)).

3

the Loan Modification does not prevent Plaintiff from asking the Court to determine the amount Defendants owe under the note that Plaintiff contends is secured by a mortgage on the subject property.  The amount owed on the note is a separate issue from how Plaintiff can collect any amount owed, including whether Plaintiff can foreclose on the mortgage.

Relatedly, Defendants invoke principles of judicial estoppel, arguing that Plaintiff should not be permitted to abandon the foreclosure claim based on "uncertainty surrounding the Loan Modification" when Plaintiff previously sought and obtained dismissal of certain claims in the related civil action based on an assertion that the Loan Modification is enforceable.  (Defendants' Opposition at 6-7.)  Defendants' argument is unavailing.  "As a general matter, the doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant" in a prior proceeding.  *Alt. Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 32-33 (1st Cir. 2004) (quotation marks omitted).  Although each case "turn[s] on its own facts," it is "widely agreed that, at a minimum, two conditions must be satisfied before judicial estoppel can attach."  *Id.*  "First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive."  *Id.*  Second, the party against whom estoppel is asserted "must have succeeded in persuading a court to accept its prior position."  *Id.*  Here, Plaintiff has not satisfied the second condition.  Although Plaintiff urged dismissal of the complaint in the related civil action based on the assertion that the Loan Modification is enforceable, (2:25-cv-00008-LEW, Memo. of Law in Support of MTD at 12, ECF No. 33-1), Plaintiff did not persuade the Court that dismissal was warranted at the pleading stage. (2:25-cv-00008, Order at 16-19, ECF No. 77) (denying motion to dismiss without prejudice

to renewal of the argument at summary judgment).  Judicial estoppel, therefore, is not a bar to the amendment.

Defendants also make a justiciability argument—that the proposed amended complaint impermissibly seeks advisory guidance as to the proper cure amount, while disputes remain regarding "the purported Loan Modification and the assignment chain." (Defendants' Opposition at 7-8.)  "The test for justiciability of a declaratory judgment claim is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment.'"  *Vertex Tower Assets, LLC v. Town of Wakefield*, 771 F. Supp. 3d 80, 89 (D.N.H. 2025) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).  This test does not produce results on a bright line scale; instead, the distinction between declaratory judgment actions that "present a case or controversy and those which are hypothetical is 'necessarily one of degree.'"  *Sweetheart Plastics, Inc. v. Ill. Tool Works, Inc.*, 439 F.2d 871, 874 (1st Cir. 1971) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In this case, the parties have identifiable adverse legal interests regarding the Defendants' financial obligation to Plaintiff.  If Plaintiff were to prove its entitlement to declaratory relief, such relief could conceivably permit Plaintiff to take the necessary steps to pursue a judgment of foreclosure or some other enforcement action. *See* Wright & Miller, Federal Practice & Procedure § 3529.1 & n.16 (3d ed. 2026) (collecting cases supporting the proposition that "decisions that are useful in settling the legal predicate for

further actions by the parties are not advisory"). In short, the dispute between the parties as alleged in the proposed amended complaint is justiciable.

Defendants' remaining prejudice-related arguments are similarly unconvincing. The possibility that Plaintiff could commence an enforcement action in the future does not constitute undue prejudice. Indeed, in the context of a request to dismiss, the First Circuit Court of Appeals has determined that the prospect of a second suit should not bar dismissal under Federal Rule of Civil Procedure 41. *See P.R. Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981). Further, while the alleged discrepancies between the proposed amended complaint and the documents incorporated therein (or in other documents presented to the Court in connection with the pending complaint) might be relevant to Defendants' challenge to the merits of Plaintiff's claim, the alleged discrepancies do not render the proposed amendment futile. Plaintiff's concern regarding the chain of title to the property is also a merits-based argument that does not establish the futility of the amendment. Finally, Defendants' contention that the proposed amended pleading seeks an improper and premature fee determination is better addressed at the merits stage of the litigation than at the pleading stage.

## CONCLUSION

After consideration of the parties' arguments and following a review of the record, for the foregoing reasons, I recommend that the Court grant Plaintiff's motion to amend the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of May, 2026.