UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| US BANK TRUST COMPANY<br>NATIONAL ASSOCIATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00485-LEW |
| | ) | |
| HEIDI A. TAITT and G. PAUL TAITT, | ) | |
| | ) | |
| Defendants | ) | |

## **ORDER ON MOTIONS**

The matter is before the Court on the following motions:

1. Defendants' Motion to Stay (ECF No. 5);

2. Plaintiff's Motion for Entry of Default (ECF No. 11);

3. Defendants' Cross-Motion to Dismiss and Motion for Evidentiary Hearing (ECF No. 12;

4. Plaintiff's Motion to Amend (ECF No. 23) and a Recommended Decision on the same (ECF No. 27); and

5. Plaintiff's Motion to Substitute (ECF No. 29).

The Court's rulings are as follows:

1.

Defendants' Motion to Stay is DENIED (ECF No. 5).  The related case brought by

Plaintiffs, *Taitt v. Select Portfolio Servicing Inc.*, No. 2:25-cv-00008-LEW, is prior in time

but presents issues in common with this case.  Both cases are assigned to the same judge

and I am prepared to consolidate these proceedings to the extent necessary to avoid inconsistent results, redundancy of effort, and unnecessary costs and delay.

2.

Plaintiff's Motion for Default is DENIED (ECF No. 11).  Plaintiff has more recently filed a motion to amend its pleadings, which I grant below.  Consequently, the alleged default on the original complaint is moot.  Moreover, Defendants appeared and defended such that the entry of default would not have been appropriate in any event.

3.

Defendants' Cross-Motion to Dismiss is RESERVED and the alternative request for an evidentiary hearing is GRANTED (ECF No. 12).  Defendants' Cross-Motion to Dismiss, which presents matters outside the pleadings, will be converted to a motion for summary judgment governed by Rule 56 of the Federal Rules of Civil Procedure and District of Maine Local Rule 56, and the parties will be afforded the opportunity to present all the material that is pertinent to the motion, as related below in the conclusion of this Order.  *See* Fed. R. Civ. P. 12(d).

Because it concerns the issue of standing, Defendants' Cross-Motion to Dismiss is not mooted by the amendment of Plaintiff's pleadings.  Defendants could file the very same motion to challenge the amended complaint.  Requiring them to do so would only exalt form over substance and unnecessarily clutter the docket.

4.

Plaintiff's Motion to Amend (ECF No. 23) is GRANTED over Defendants' Objection (ECF No. 28), for the reasons stated in the United States Magistrate Judge's Recommended Decision (ECF No. 27), which reasons I have reviewed de novo and adopt and which reasons are not actually contested in Defendants' Objection.    However, Defendants' assertion that "proper party status" ought to be made clear at an early juncture is fair.  Obj. at 3.  I intend to resolve that question at an early juncture in the context of a hearing in the form of a summary judgment proceeding.

5.

Plaintiff's Motion to Substitute (ECF No. 29) is DENIED on the current showing. In support of its Motion to Substitute, Plaintiff has filed as its sole exhibit its Corporate Assignment of Mortgage (ECF No. 29-1).  Assignment of the mortgage, standing alone, does not afford Wilmington Savings Fund Society, FSB, standing in relation to the newly alleged controversy concerning amounts owed under the Note.  Only the note holder has standing to litigate controversies pertaining to Defendant's obligations under the Note.

CONCLUSION

The entries on the pending motions are as outlined above.  The parties will confer and propose a summary judgment briefing schedule through which the question of Plaintiff's standing can be resolved, both in terms of Plaintiff's holder status and in terms

3

of its title to the Mortgage.[1]  The parties will also confer concerning the need, if any, for a preliminary period of discovery focused exclusively on the standing question, though it appears discovery may have been addressed already in case number 2:25-cv-00008. Lastly, the parties will confer on the subject of consolidating proceedings on the standing issue, to the extent the issue is germane to both cases.[2]  The parties will provide a status report on or before June 19, 2026, and if they cannot agree on how to conduct the proceedings the matter will be referred to the Magistrate Judge.

SO ORDERED.

Dated this 5th day of June, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

---

[1] In Plaintiff's Amended Complaint, Plaintiff presses its claim not merely as note holder but also as mortgagee through valid assignments.  Plaintiff's new claim is, in fact, focused on enabling it to serve a notice of default that will comply with Maine law requirements associated with mortgage foreclosure.  Defendants' filings also indicate that the controversy is not limited to Plaintiff's note-holder status.  Consequently, summary judgment proceedings will address the standing concern both in terms of note-holder status and mortgagee status.

[2] The docket in *Taitt v Select Portfolio Servicing* indicates that discovery is closed in that matter but for certain motions to compel.  The parties therein have expressed their intention to resolve what claims they can through summary judgment proceedings.  It would appear to be prudent to coordinate the summary judgment proceedings in that matter with proceedings in this matter, to the extent there is overlap, to avoid duplication of effort.  The parties are instructed to address this concern when they confer on the summary judgment schedule.